**AFFIRM; Opinion Filed June 3, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-13-00335-CV**

**IN THE INTEREST OF K.P., ET AL.,**

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-556-W**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Moseley

Mother appeals from the trial court's order terminating her parental rights to three of her children and appointing her joint permanent possessory conservator to her fourth child. Mother is represented on appeal by court-appointed counsel who has filed an *Anders* brief on her behalf concluding that, after thorough review of the record, Mother's appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967); *In re D.D.*, 279 S.W.3d 279, 280 (Tex. App.—Dallas 2009, pet. denied).

Represented by appointed counsel and attorneys ad litem, Mother and presumed Father[1] entered into a mediated settlement agreement. They agreed to the termination of their parental rights to three of the children and their appointment as joint permanent possessory conservators of the fourth child. The ground for the termination was that they were a major cause in the failure of the children to be enrolled in school as required by the education code. *See* TEX. FAM.

---

[1] Presumed Father did not file a notice of appeal.

CODE ANN. § 161.001(1)(J). Mother's guardian ad litem and attorney testified at a hearing to prove-up the settlement agreement that Mother participated in the mediation and voluntarily signed the agreement. No evidence was presented that either Mother or presumed Father was a victim of family violence or that the agreement was not in the children's best interest. The children's ad litem testified the agreement was in their best interest.

In reviewing an *Anders* brief, this Court is not required to review the merits of each claim raised in the brief or a pro se response. *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Rather, this Court's duty is to determine whether there are any arguable grounds for reversal and, if there are, to remand the case to the trial court so that new counsel may be appointed to brief the issues. *Id.* The *Anders* brief filed by appellant's counsel presents a professional evaluation of the record demonstrating why there are no arguable grounds for reversal. Counsel conducted a thorough review of the record and analysis of the legal and factual sufficiency of the evidence about whether Mother voluntarily entered into the settlement agreement, the grounds for termination, and whether the trial court's order was in the best interest of the children.

A copy of this brief was delivered to Mother, who was notified of her right to seek other counsel or file a pro se response. Mother has not filed a pro se response. We have reviewed the record and counsel's brief. *See Bledsoe*, 178 S.W.3d at 827. We agree the appeal is frivolous and without merit. We find nothing in the record that could arguably support the appeal.

We grant counsel's motion to withdraw. We affirm the trial court's final order terminating Mother's parental rights to her three children and appointing her joint permanent possessory conservator of her fourth child.

/Jim Moseley/
JIM MOSELEY
JUSTICE

130335F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF K.P., ET AL.,
Children

No. 05-13-00335-CV

On Appeal from the 304th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 11-556-W.
Opinion delivered by Justice Moseley.
Justices O'Neill and Lewis participating.

In accordance with this Court's opinion of this date, the final order in suit affecting the
parent-child relationship and decree of termination of the trial court is **AFFIRMED**.

Judgment entered this 3rd day of June, 2013.

/Jim Moseley/

JIM MOSELEY
JUSTICE